UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| CHRISTOPHER C., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case # 1:19-cv-1420-DB |
| § | |
| COMMISSIONER OF SOCIAL SECURITY, § | MEMORANDUM DECISION |
| § | AND ORDER |
| Defendant. § | |

## **INTRODUCTION**

Plaintiff Christopher C. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the Act). *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 15).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 11, 13. Plaintiff also filed a reply. *See* ECF No. 14. For the reasons set forth below, Plaintiff's motion (ECF No. 11) is **GRANTED,** and the Commissioner's motion (ECF No. 13) is **DENIED.**

## **BACKGROUND**

Plaintiff protectively filed his DIB application on July 15, 2016, alleging disability beginning October 8, 2014 (the disability onset date), due to herniated discs in lower back, degenerative back disease, sleep apnea, "bad knees," and depression. Transcript ("Tr.") 41, 141. Plaintiff's application was denied initially on October 31, 2016, after which he requested an administrative hearing. Tr. 72-77, 87-88. On September 25, 2018, Administrative Law Judge Juan

Carlos Hunt (the "ALJ") conducted a video hearing from Alexandria, Virginia. Tr. 15. Plaintiff appeared and testified from Buffalo, New York, and was represented by Jeanne Murray, an attorney. *Id*. Ms. Malik, of Vargas Vocational Consulting, an impartial vocational expert ("VE"), also appeared and testified at the hearing. Tr. 15, 33.

On October 24, 2018, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 15-28. On August 28, 2019, the Appeals Council denied Plaintiff's request for review. Tr. 1-5. The ALJ's October 24, 2018 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his October 24, 2018 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020;

2. The claimant has not engaged in substantial gainful activity since October 8, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*);

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the knees, meniscal tear of the left knee, and adjustment disorder with mixed anxiety and depressed mood with panic attacks (20 CFR 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5. Through the date last insured, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)[1] except: he frequently can balance; he occasionally can, crouch, kneel, stoop, and climb stairs, ladders, and scaffolds; he frequently can push, pull, reach, handle, finger, and feel bilaterally; he occasionally can push, pull, and operate foot controls bilaterally with his lower extremities; he needs to avoid work environments with extreme temperatures and hazards such as unprotected heights, machines with moving mechanical parts, and driving employer vehicles; he can understand, remember, and carry out simple instructions; he frequently can interact appropriately with supervisors, coworkers, and the public; he can make simple work-related decisions; he can tolerate few changes in a routine work setting; and, he will be off task for ten percent of the day due to alternating between sitting and standing and/or attention and concentration lapses;

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565);

7. The claimant was born on May 17, 1969 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563);

---

[1] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a);

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 8, 2014, through the date of this decision (20 CFR 404.1520(g)).

Tr. 15-28.

Accordingly, the ALJ determined that, for a period of disability and disability insurance benefits filed on July 15, 2016, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 28.

## **ANALYSIS**

Plaintiff asserts three points of error. Plaintiff argues that: (1) The Appeals Council failed to evaluate Plaintiff's age category change that would result in a finding of disability as of Plaintiff's 50th Birthday; (2) the ALJ failed to give good reasons for rejecting the function-by-function opinions of treating physician Loubert S. Suddaby, M.D. ("Dr. Suddaby"); and (3) the ALJ's RFC was impermissibly based on a lay interpretation of the raw medical evidence. *See* ECF No. 11-1 at 9-20.

The Commissioner argues in response that: (1) Plaintiff was not in the borderline age range at any point during the relevant period of his claim, and therefore, the Appeals Council did not err by not considering a change in age category after the ALJ's decision; (2) the ALJ properly considered Dr. Suddaby's opinions; and (3) the ALJ properly determined Plaintiff's RFC. *See* ECF No. 13-1 at 10-19.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

The ALJ first found that Plaintiff is insured through December 31, 2020 for the purpose of being eligible to receive DIB. Tr. 17. Next, the ALJ found that Plaintiff was classified as a "younger individual" under the SSA's regulations because he was born on May 17, 1969 and was 45 years old at the time of his alleged disability onset date. Tr. 27 (citing 20 C.F.R. § 404.1563). Plaintiff argues that when he turned 50 years old on May 17, 2019, while his claim was pending before the Appeals Council, his age category changed to a person "closely approaching advanced age." *See* ECF No. 11-1 at 9. Accordingly, argues Plaintiff, this should have triggered the Appeals Council to make a finding of disability. *Id*. (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 §201.14).

The SSA's regulations set forth the following age categories: "younger person" (under age 50), "person closely approaching advanced age" (50–54), and "person of advanced age" (55 or older). 20 C.F.R § 404.1563. These age categories are then used in the Medical–Vocational Guidelines (the "Grids") to make determinations at step five of the analysis. The regulations further state:

> We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b). Thus, if a claimant's age is "borderline," and the ALJ fails to consider whether the higher age category should be used, remand is warranted so long as using a higher age category would entitle the claimant to benefits. *Woods v. Colvin*, 218 F. Supp. 3d 204, 207 (W.D.N.Y. 2016).

The SSA's regulations do not provide a bright-line definition for what constitutes a borderline age situation. However, as the court noted in *Woods v. Colvin*, 218 F. Supp. 3d at 207, the SSA's Hearings, Appeal and Litigation Law Manual (the "HALLEX") provides that "[g]enerally, SSA considers a few days to a few months to mean a period not to exceed six months." *Woods v. Colvin*, 218 F. Supp. 3d at 209 (quoting HALLEX 1-2-2-42). "Most district courts within the Second Circuit follow the HALLEX and hold that a period of up to six months is borderline." *Id*. In this case, Plaintiff was more than six months away from attaining age 50 at the time of the ALJ's decision.

Plaintiff argues that his change in age category was "new evidence that the Appeals Council had to consider." *See* ECF No. 11-1 at 11. However, the Court does not agree that Plaintiff's change in age is "new evidence." The borderline age rule plainly applies to a decision about whether a claimant is disabled. In this case, that decision was the ALJ's October 2018 decision. Further, the Appeals Council's denial of review was not a decision on the merits of Plaintiff's claim. The Second Circuit has specifically acknowledged that the Appeals Council's denial of review does not amount to consideration on the merits but is analogous to denial of certiorari. *See Pollard v. Halter*, 377 F.3d 183, 192 (2d Cir. 2004) (citations omitted). Moreover, the regulations are clear that where the Appeals Council denies review, it is the ALJ's decision that becomes the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Nevertheless, there remains a threshold question before the Court: what date should be used to calculate Plaintiff's age? Plaintiff applied for DIB under Title II of the Act and did not apply for supplemental security income ("SSI") under Title XVI. Tr. 141. Under Title II, a period of disability cannot begin after a worker's disability insured status has expired. SSR 83–10, 1983 WL 31251, at *8 (Jan. 1, 1983). Therefore, "[w]hen the person last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured. In these situations, the person's age at the time of decision[-]making is immaterial." *Woods v. Colvin*, 218 F. Supp. 3d at 207–08 (quoting SSR 83–10, 1983 WL 31251, at *8).

Two recent Western District of New York decisions, *Torres v. Comm'r of Soc. Sec.*, No. 14–CV–6438P, 2015 WL 5444888, at *10 n.4 (W.D.N.Y. Sept. 15, 2015), and *Koszuta v. Colvin*, No. 14–CV–694–JTC, 2016 WL 824445, at *2 (W.D.N.Y. Mar. 3, 2016), have specifically discussed what date should be used to determine a claimant's age in DIB cases, and in both cases, the courts explained that an individual's date last insured is the relevant date for DIB cases, while the date of the ALJ's decision is the relevant date for SSI cases. *Woods v. Colvin*, 218 F. Supp. 3d at 208; *see also Grace v. Astrue*, No. 11 CIV. 9162, 2013 WL 4010271, at *24 (S.D.N.Y. July 31, 2013).

Most ALJs and courts in other cases involving the issue of "borderline age" in DIB applications use the claimant's date last insured as the relevant benchmark. *Woods v. Colvin*, 218 F. Supp. 3d at 208. However, as. explained in *Woods*, because such cases usually involve a date last insured that is *before* the ALJ's decision, there is support for using the date of the ALJ's decision as the relevant date in those case. *Id.* (citing *Swan v. Barnhart*, No. 03–130–B–W, 2004 WL 1529270, at *9 n.12 (D. Me. Apr. 30, 2004), *report and recommendation adopted*, No. CIV.

03–130–B–W, 2004 WL 1572700 (D. Me. May 19, 2004); *Gallagher v. Astrue*, No. 08–CV–163–PB, 2009 WL 929923, at *7 n.4 (D.N.H. Apr. 3, 2009)). Although the courts in *Swan* and *Gallagher* both state that the date last insured should be used in DIB cases, they do not provide any reasoning for deviating from that rule in cases where the date last insured happens to be after the date of the ALJ's decision—because, as noted above, this was not an issue in those cases.

Here, the situation is different. Plaintiff was born on May 22, 1964 and only applied for DIB. Plaintiff is insured through December 31, 2020, which would make him 56 years old as of his date last insured. Tr. 17. Thus, the ALJ erred by using Plaintiff's disability onset date (October 8, 2014) as the relevant benchmark. If Plaintiff's date last insured was used, Plaintiff should clearly have been considered a "person closely approaching advanced age" rather than a "younger person." Accordingly, the Court finds that this case should be remanded for the ALJ to consider whether Plaintiff is disabled when he is considered a "person closely approaching advanced age" rather than a "younger person." The ruling of this case is quite narrow. If a person is found to be restricted to sedentary work and his age category changes between the date of the ALJ's decision and the date last insured, then the ALJ should make a determination whether that fact changes the analysis.

Because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court need not address Plaintiff's other arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments

9

regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE